# United States District Court, Northern District of Illinois

| Name of Assigned Judge (or Magistrate Judge) | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6751 | **DATE** | 1/30/2002 |
| **CASE TITLE** | Lee vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 17-1) to dismiss is granted. Lee's complaint is dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 31 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 02 JAN 30 PM 12:18 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK A. LEE,            )
                        )
        Plaintiff,      )
                        )
vs.                     )   01 C 6751
                        )
CITY OF CHICAGO, a municipal )
corporation,            )
                        )
        Defendant.      )

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Defendant the City of Chicago's ("the City") motion to dismiss Plaintiff Mark A. Lee's ("Lee") complaint pursuant to Rule 12(b)(6) and Rule 12(b)(1). For the reasons set forth below, the motion is granted.

## BACKGROUND

The following facts are taken from the allegations in Lee's complaint, which the court is obligated to accept as true for the purposes of this motion. On June 9, 2001, Lee was sitting in his vehicle with two passengers when the vehicle came under fire. Lee alleges that neither he nor his car were intended targets of the gunfire. The Chicago Police Department subsequently arrived to investigate the crime. Lee alleges that the Chicago Police denied his passenger's offer to park and secure the vehicle. Instead, the



officers had the car towed and impounded so that the police may obtain evidence, such as the bullets which were in the car.

On June 11, 2001, the City issued Lee a form notice entitled "Vehicle on Hold for Investigation." This form stated that Lee had 30 days from the date of impoundment to either request a hearing or retrieve his vehicle by paying the towing and storage expenses. The form notice informed Lee that failure to do so would constitute a waiver of all of his rights to the vehicle.

At some point after impounding the car, the police determined that the car was no longer required for investigative or evidentiary purposes. Lee sought to retrieve his car but was informed that it would not be released to him until he paid the towing and storage fees. Plaintiff sought legal assistance and eventually had the vehicle returned to him on July 9, 2001 after paying the towing and storage fees. Upon recovering possession of the car, Lee saw that the number 415342 had been painted in red on the car in a few different places. The number was listed as the "inventory number" of the vehicle and was painted by or at the direction of the Chicago Police Department. Lee was not compensated for the damage caused by the paint. Consequently, he brought the instant action, bringing claims of constitutional violations through 42 U.S.C. § 1983 and three claims based on Illinois state law. The City seeks to dismiss Lee's complaint in its entirety.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Assoc., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). Thus, defendants must achieve a high standard to have the court dismiss a plaintiff's case for failure to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); see also Hartford Fire Ins. Co. v. California, 509 U.S. 764, 125 L. Ed. 2d 612, 113 S. Ct. 2891 (1993); Sherwin Manor Nursing Center Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of a cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents

incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R.Civ.P. 10 (c). In addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to their claim." Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). With these principles in mind, the court turns to the instant motion.

## DISCUSSION

The City has moved to dismiss Count I of Lee's complaint. Lee brings Count I under 42 U.S.C. § 1983. He alleges that the City violated both his Fourth Amendment right to be free from unreasonable seizures and his Fourteenth Amendment right to substantive due process in two ways. First, the City allegedly violated Lee's rights by requiring that owners whose vehicle are impounded for evidentiary or investigative purposes pay for towing and storage fees for such vehicles. Second, Lee alleges the City violated his rights when it painted the inventory numbers on the car without compensating him. In addition, the City argues that dismissal of Count I results in the elimination of this court's supplemental jurisdiction over Lee's state law claims.

### I. 42 U.S.C. § 1983 Claim Based on Towing and Storage Fees.

#### A. Substantive Due Process Claim

Lee alleges that the City violated his substantive due process rights because the City refused to release his car after the police no longer needed it for investigative purposes unless he paid the towing and storage fees. Both the Supreme Court and the

Seventh Circuit have emphasized that courts should be "reluctant to expand the concept of substantive due process." Collins v. Harker Heights, 503 U.S. 115, 126, 117 L. Ed. 2d 261, 112 S. Ct. 1061 (1992). To state a claim for a violation of substantive due process, the alleged violation must affect a fundamental right. Wozniak v. Conry, 236 F.3d 888, 891 (7th Cir. 2001), cert. denied, 121 S. Ct. 2243. A complaint alleging a violation of substantive due process must allege "not merely that [defendants] injured [the plaintiff] in a legal sense but that they deprived him of a liberty deeply rooted in our history and tradition." Khan v. Gallitano, 180 F.3d 829, 834 (7th Cir. 1999). Furthermore, "the protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 510 U.S. 266, 812 (1994). If the alleged violation does not implicate a fundamental right, due process requires that the conduct at issue be, at a minimum, rationally related to a legitimate governmental interest. Washington v. Glucksberg, 521 U.S. 702, 728, 138 L. Ed. 2d 772, 117 S. Ct. 2258 (1997); Nat'l Paint & Coatings Ass'n v. City of Chicago, 45 F.3d 1124, 1129-30 (7th Cir. 1995). Under this deferential standard, a plaintiff will only prevail if the plaintiff can establish that the government action is arbitrary and irrational. Schacht v. Wisconsin Dept. of Corrections, 175 F.3d 497, 502 (7th Cir. 1999) (citing Dunn, 158 F.3d at 965).

Because Lee's claim does not implicate a fundamental right, the court applies the deferential standard of review to her claim. The question thus becomes whether Lee can show that the City's policy of requiring payment of towing and storage fees before releasing an impounded car is not rationally related to a legitimate government interest. In arguing that the policy passes constitutional muster, the City relies primarily on the

Seventh Circuit's decision in Miller v. City of Chicago, 774 F.2d 188 (7th Cir. 1985). In Miller, the plaintiff had reported his car stolen and the City impounded the car upon recovering it. Like Lee, the plaintiff there claimed that his due process rights were violated because he had to pay towing and storage fees to retrieve his car. The court rejected the plaintiff's arguments. The court explained that the City has a substantial interest in removing stolen vehicles to safe places because each stolen car "presents dangers or concerns that are not immediately ascertainable by police officers" and each car is the object of a felony. Miller, 774 F.2d at 193. The court also concluded that there was "nothing arbitrary or irrational about...allowing the City to assess the cost of this particularized service directly against the recipient of the service." Id. at 195-96.

The court finds Miller persuasive. As with the stolen car in Miller, Lee's car was the subject of a crime. Indeed, the crime at issue in this case – a gun shooting in public – arguably presents a greater danger to the public than the stolen car in Miller. The City clearly had a significant interest in taking possession of the car as part of its investigation of such a violent crime. Additionally, like the plaintiff in Miller, Lee's interests were also benefitted by this investigation. Lee benefits as a result of the City's attempts to bring the perpetrator of a shooting that resulted in injury to both Lee himself and his property to justice. Because both the City and Lee have interests furthered by the City's policy of impounding vehicles for evidentiary and investigative purposes, there is nothing arbitrary or irrational about requiring him to pay the storage and towing fees. Miller, 774 F.2d at 196. This conclusion remains the same regardless of whether Lee was an innocent bystander in the crime. Miller, 774 F.2d at 195; Towers v. City of Chicago, 979 F. Supp. 708, 720 (N.D. Ill. 1997).

Furthermore, the City provided Lee with two avenues for retaining an interest in his car. One was the payment of the fees, but Lee could have also requested a hearing where he could have contested the impoundment and its consequences. Lee's complaint is devoid of any allegation that he requested such a hearing. Accordingly, the court finds that Lee has failed to state a claim that his substantive due process rights were violated because he had to pay fees related to the City's impoundment of his car.

### B. Unlawful Seizure Claim

Lee further alleges that the City's policy requiring him to pay towing and storage fees to retrieve his impounded car constitutes an unlawful seizure under the Fourth Amendment. A seizure of property occurs where "there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113, 80 L. Ed. 2d 85, 104 S. Ct. 1652 (1994). The protection of personal property under the Fourth Amendment also applies in the civil context. Soldal v. Cook County, 506 U.S. 56, 67, 121 L. Ed. 2d 450, 113 S. Ct. 538 (1992). Further, Courts have interpreted the Fourth Amendment "to require any seizure by the government to be reasonable under any circumstances. Towers v. City of Chicago, 979 F. Supp. 708, 723 (N.D. Ill. 1997). "Reasonableness" remains the "ultimate standard" under the Fourth Amendment. Soldal, 506 U.S. at 71. This standard requires a "careful balancing of governmental and private interests." Id. The plaintiff has the burden of showing that the seizure is unreasonable. Id. at 72.

As with Lee's due process claim, the court finds that Lee fails to make out a claim under the Fourth Amendment with regard to the payment of fees related to the City's impoundment of his car. The allegations in Lee's complaint do not provide a factual

basis to support a conclusion that the City's requirement that fees be paid before an impounded car is released is unreasonable. As explained above, both the City and Lee have an interest in the investigation of the crime that led to the car's impoundment and it is not unreasonable for the City to expect Lee to assume some of the cost associated with such an investigation. Miller, 774 F.2d at 195; Towers v. City of Chicago, 979 F. Supp. 708, 720 (N.D. Ill. 1997). Furthermore, as stated above, Lee was not limited to payment of fees as the only means to retain an interest in his car. He also had the option of challenging the impoundment by requesting a hearing, yet his complaint is devoid of any allegation that he took advantage of this option.

Accordingly, the court finds that Lee fails to allege both a violation of his substantive due process right under the Fourteenth Amendment and his right to be free of unlawful seizures under the Fourth Amendment with respect to the fees he had to pay to retrieve his impounded car.

## II. 42 U.S.C. § 1983 Based on Painting of the Car with an Inventory Number.

Lee alleges that the city violated his substantive due process rights under the Fourteenth Amendment and committed an unlawful seizure under the Fourth Amendment when it painted an inventory number on the vehicle without compensating Lee for the damage. The City moves to dismiss these claims based on Rule 12(b)(1) because it argues that Lee does not have standing to bring them. Lee has not responded to this argument. The question of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." Warth v. Seldin, 422 U.S. 490, 498, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975). In order to invoke a federal court's jurisdiction a plaintiff must demonstrate three things:

> (1) an 'injury in fact,' which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant and not from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992). These three elements have been described as the "constitutional minimum of standing." Id. at 560. Further, the party invoking federal jurisdiction bears the burden of establishing the elements of standing. Id. at 561. The elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." Id. Each element must be supported just as the plaintiff would bear the burden of proof, i.e., "with the manner and degree of evidence required at the successive stages of litigation." Id. It is certainly true that in ruling on a motion to dismiss for lack of standing, the well-pleaded allegations of the complaint must be accepted as true. Perry v. Village of Arlington Heights, 186 F.3d 826, 829 (7th Cir. 1999). However, where standing is challenged as a factual matter, the plaintiff bears the burden of supporting the allegations necessary for standing with "competent proof." Id. This requirement of "competent proof" is met by showing by a preponderance of the evidence that standing exists. NFLC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir. 1995).

Here, Lee does not have standing unless the car was painted while Lee still retained a property interest in the car. The City notified Lee that he would be waiving all of his interest in the car once the car had been impounded for thirty days unless he paid the requisite fees or requested a hearing within that time. He did neither.

Consequently, he lost his property interest in the car thirty days after the City impounded the car. Nowhere in the complaint does Lee allege that the car was painted while he retained a property interest in the car. Nowhere does Lee allege that the painting occurred within thirty days of the car's impoundment. Accordingly, the complaint does not provide a factual basis from which to conclude that Lee had a protected property interest in the car when it was painted. Because Lee has not alleged that the car was painted while Lee had a property interest in the car, the court finds that he has not met his burden of showing standing at this stage of the litigation. Therefore, his claims based on the painting of the car are dismissed.

### III. The State Law Claims.

Because the court has dismissed all of Lee's federal claims, it no longer has supplemental jurisdiction over his state law claims. Therefore, those claims are dismissed as well.

### CONCLUSION

For the foregoing reasons, Lee's complaint is dismissed in its entirety.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: _____January 30. 2002_____