

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6751 | **DATE** | 9/4/2003 |
| **CASE TITLE** | Lee vs. City of Chgo | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The City's motion (Doc 36-1) to dismiss is granted in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

SEP - 4 2003

MARK A. LEE, )
)
        Plaintiff, )
)
v. ) 01 C 6751
)
CITY OF CHICAGO, )
)
        Defendant. )

### MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant the City of Chicago's ("the City"), motion to dismiss Plaintiff Mark A. Lee's ("Lee") complaint pursuant to Rule 12(b)(6). For the reasons set forth below, the motion is granted.

### BACKGROUND

On June 9, 2001, Lee's vehicle came under fire while he and two passengers were sitting in it. The Chicago Police Department investigated the crime and had the car towed and impounded so as to obtain evidence. Two days later, the City notified Lee that he had 30 days from the date of impoundment to either request a hearing or retrieve his vehicle by paying the towing and storage expenses. Lee was also informed that his failure to do either would constitute a waiver his rights to the vehicle.

39

The police determined that the car was no longer required for investigative or evidentiary purposes ten days after the impounding and notified Lee that he could retrieve the car. When he attempted to do so, he was informed that he had to pay the impound fees before the car would be released. Initially, he was unable to pay, but after seeking legal assistance to negotiate an affordable fee, Lee was able to retrieve his vehicle, 31 days after its impoundment.

When recovering the car, Lee noticed the number 415342 in red paint on various areas of the car. The number was listed as the vehicle's "inventory number" and had been painted by, or at the direction of, the Chicago Police Department. Lee was not compensated for the paint damage. Consequently, he filed this claim against the City, seeking relief under 42 U.S.C. § 1983 for the damage caused by the painting.[1] Initially, Lee's claim was dismissed by this Court on standing principles. Lee v. City of Chicago, 2002 WL 169322 (N.D. Ill. Jan. 31, 2002). On appeal, the Seventh Circuit reversed,[2] holding that Lee's possessory interest in his car did not evaporate at the end

---

[1] Lee's complaint also sought recovery of the towing and impound fees. In its first motion to dismiss, the City successfully defeated that cause of action under Rule 12(b)(6). That portion of the dismissal was affirmed on appeal. Lee v. City of Chicago, 330 F.3d 456, 466-67 (7th Cir. 2003.). Consequently, these allegations form no part of our discussion of the instant motion.

[2] As a consequence of the reinstatement of the federal claim, the Court of Appeals also reversed our dismissal of the pendant state-law claims. Lee, 330 F.3d at 471.

of the 30-day period but rather became defeasible. Lee, 330 F.3d at 470. According to the Court of Appeals, Lee's interest continued until such time that the City employed one of its statutory means of disposal of the vehicle. Id. Because the painting occurred while Lee's defeasible interest remained intact, he had standing to bring a claim against the City. Id. However, the appellate court declined to consider the sufficiency of Lee's allegations under Rule 12(b)(6), as that issue was neither raised in the prior proceeding nor the subject of a cross-appeal. Id. The City has now launched a 12(b)(6) challenge to Lee's § 1983 claim premised on the spray-painting.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a

motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. Higgs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002); Kyle, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim." Id. Further, the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the basis" of the claim. Perkins, 939 F.2d at 466-67. With these principles in mind, we turn to the motion at hand.

## DISCUSSION

Lee's amended complaint bases his § 1983 claims on violations of the Fourth and Fourteenth Amendments. The City argues that these claims are not legally cognizable and should be dismissed, as well as the pendant state-law claims that would then be without related federal claims.

### I. Fourth Amendment Violation

Lee alleges that it is a violation of the Fourth Amendment "for the City of Chicago to paint inventory numbers on a vehicle impounded for evidentiary or investigative purposes, without compensation to the owner." Am. Complt., ¶ 30. The Fourth Amendment protects against unreasonable searches and seizures by state actors.

-4-

Soldal v. Cook County, Ill, 506 U.S. 56, 63 (1992). A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." Id. at 61. However, only unreasonable seizures form the basis of a cognizable claim. Lee has never disputed that the initial seizure of his car was unreasonable. Instead, he argues that the initially reasonable search became unreasonable when the City applied the spray paint. He relies on the premise that an initially reasonable seizure can be transformed into an unreasonable one when a temporary deprivation of a property interest becomes permanent because the property in question is destroyed during the course of the government's possession. See U.S. v. Jacobsen, 466 U.S. 109, 124-25, 104 S.Ct. 1652, 1662-63 (1984).[3] In his brief, Lee argues that his allegations regarding the painting of his vehicle can fairly be interpreted to indicate that the vehicle was destroyed, thereby rendering the previously reasonable seizure unreasonable.

Although on a motion to dismiss we must draw all reasonable inferences in favor of the plaintiff, Bontkowski, 998 F.2d at 461, the court need not "strain to find

---

[3]Lee also directs the court's attention to Bonds v. Cox, 20 F.3d 697 (6th Cir. 1994) to support his destruction argument. However, that case involved a factual situation wholly different from that alleged here. In Bonds, several items within the plaintiff's house were damaged during the execution of a lawful warrant. The issue presented to the court was whether those items, which were not removed from the house, were "seized" within the meaning of the Fourth Amendment by virtue of the extensive damage inflicted.

inferences favorable to the plaintiff" that are not evident from the face of the complaint. Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977). Contrary to Lee's assertion, to infer from the allegations of his complaint that his car was destroyed would be a strain indeed. To "destroy" is "to ruin the structure, organic existence, or condition of: as (a) to pull or tear down; (b) to lay waste; (c) to ruin <u>completely</u> or mutilate <u>beyond possibility of use</u>; (d) to ruin as if by ripping to shreds...(emphasis added)." Webster's Third New Int'l Dictionary 615 (1981). It is clear that the damage Lee has alleged to his car comes nowhere near fitting into this definition, which contemplates much more substantial damage than that described in the complaint. Lee does not claim that, because of the spray paint, he was unable to drive his car away from the impound lot or use it since he reclaimed it from the City. He does not claim that the paint in any way compromised his car's ability to function; instead he focuses only on the changed aesthetics of the vehicle. The car's changed (but not ruined) condition, while admittedly unsightly, does not implicate the protections of the Fourth Amendment.

Furthermore, as the City points out in their brief, Lee has standing in this case solely because the City had not exercised their ability to destroy the car before he reclaimed it. If they had, his defeasible interest would have evaporated and there would no longer be any foundation for this court to exercise jurisdiction. Lee cannot have it both ways, with the car not destroyed for purposes of standing but destroyed for purposes of the legal viability of his claim.

## II. Substantive Due Process Violation

The City next argues that Lee failed to state a claim on the portion of Count I predicated on the Fourteenth Amendment. Lee asserts a substantive-due-process challenge that involves only the deprivation of a property interest. Because his due process claim does not implicate a fundamental right, to maintain his claim he must show "either the inadequacy of state law remedies or an independent constitutional violation." Doherty v. City of Chicago, 75 F.3d 318, 323-26 (7th Cir. 1996).[4] Lee has done neither.

Lee contends that an independent constitutional violation occurred by arguing that the City violated the Fourth Amendment. However, as we indicated above, Lee has no Fourth Amendment claim. Neither has he asserted any reason why the potential remedies offered by the complaint's state-law claims for bailment, trespass, and wrongful conversion are inadequate. In short, Lee has not stated a viable Fourteenth Amendment claim.

Accordingly, Count I does not survive the City's 12(b)(6) challenge.

---

[4] Even if Lee were able to establish one of these situations, his claim would be subject only to rational-basis review. Washington v. Glucksberg, 521 U.S. 702, 728, 117 S.Ct. 2258 (1997). Although Lee has not framed any arguments in these terms, it is difficult for this court to imagine a viable argument that the City's need to keep track of impounded cars through the use of inventory numbers affixed to individual vehicles does not constitute a rational basis for the practice described in Lee's complaint.

## III. Supplemental Jurisdiction

In light of the foregoing, it is would be imprudent for this court to exercise supplemental jurisdiction over Lee's remaining state law claims pursuant to 28 U.S.C. § 1367. Generally, when all federal claims are dismissed before trial, supplemental jurisdiction over any state law claims is relinquished as well. <u>Bowman v. City of Franklin</u>, 980 F.2d 1104, 1109 (7th Cir. 1992). We have dismissed both of Lee's federal causes of action. Therefore, we will not address his state law claims on supplemental jurisdiction grounds and relinquish them to be brought in state court if Lee chooses to further pursue this case.

## CONCLUSION

For the foregoing reasons, the City's motion to dismiss is granted in its entirety

*[signature]*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: _____September 4, 2003_____